**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FESALI KAIDI and SYLVIA KEMIGISA, for themselves and on behalf of all others similarly situated, | ) ) ) | |
| | ) | No. 23 C 109 |
| Plaintiffs, | ) ) | Judge John J. Tharp, Jr. |
| | ) | |
| v. | ) | |
| | ) | |
| BEST BUY CO., INC., | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This case is about a broken television. Plaintiff Sylvia Kemigisa purchased the television—marked as being in "Excellent" condition—through Best Buy's Open Box program. When the television arrived, the screen did not work. Kemigisa's nephew, plaintiff Fesali Kaidi, attempted to return the television, but Best Buy refused to accept it. They brought suit in state court on several state law theories, and Best Buy timely removed. Plaintiffs now seek to amend their complaint, adding class allegations for breach of contract, breach of implied warranties, and violations of the Illinois Consumer Fraud Act (ICFA). They allege that the refusal is part of a larger, nationwide scheme by Best Buy to sell defective items to consumers as Open Box purchases. Best Buy moves to dismiss the claims in the amended complaint and strike the class allegations.

For the reasons set forth in the opinion below, Best Buy's motion to dismiss [38] is granted in part and denied in part. The Court does not reach its arguments to strike class allegations. Plaintiff Kemigisa is granted leave to amend, consistent with this opinion, by June 30, 2026.

**BACKGROUND**

Best Buy's Open Box program allows customers to purchase, at a discount, items that have been previously returned by other customers. Returned items are categorized as being in

"Excellent," "Satisfactory," or "Fair" condition. Best Buy represents that items in "Excellent" condition "look brand new—with no physical flaws, scratches or scuffs—and include all original parts and accessories (or a suitable replacement)." Best Buy also represents that the products "will be in [their] original box (or a suitable replacement)." Best Buy pledges to accept returns of its products (including Open Box products) within 15 days of delivery so long as they are "in a like-new condition. Items that are damaged, unsanitary, dented, scratched or missing major contents may be denied a return."

On June 13, 2022, Kemigisa purchased an Open Box television from Best Buy marked as being in "Excellent" condition. She received the television the next day. It came wrapped in plastic, not in its original packaging. When she tried to turn the television on, it did not work. She claims that "the screen displayed lines of different colors and there was no picture displayed." On June 20, 2022, Kemigisa's nephew, Kaidi, took the television to the store where it was purchased to return it. Best Buy employees allegedly "refused to accept the television with no explanation and ordered Mr. Kaidi out of the store." Kaidi interpreted the employees' conduct to be motivated by his race. Later that month, the plaintiffs contacted Best Buy through counsel to explain the situation and reach an amiable solution. On August 19, 2022, Best Buy responded with a letter denying the plaintiffs' allegations and explaining that Best Buy refused to accept the television because of a crack in the screen. The plaintiffs maintain that the screen was never cracked and that Best Buy's explanation for refusing the return is a lie.

On December 1, 2022, the plaintiffs initiated a civil action in the Circuit Court of Cook County. In the state court complaint, Kemigisa asserted claims for breach of contract and violations of the Illinois Consumer Fraud Act (ICFA), and Kaidi asserted a claim for violations of the Illinois Human Rights Act (IHRA). Best Buy timely removed to federal court.

2

**DISCUSSION**

**I.      Removal Jurisdiction**

Before proceeding further, the Court must assure itself of jurisdiction. A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1446(c).

Where, as here, removal is based on diversity jurisdiction, the removing party must show that, at the time of removal: (1) all plaintiffs were diverse from all defendants, and (2) the amount in controversy for each plaintiff exceeded $75,000. Best Buy easily establishes complete diversity[1] but fumbles the amount in controversy. It seems to suggest that the requirement is met because Kaidi and Kemigisa's **combined** damages plausibly exceed $75,000. Aggregation of damages across plaintiffs is not permitted; each plaintiff must meet the requirement separately. *Travelers Property Casualty v. Good*, 689 F.3d 714, 717-18 (7th Cir. 2012).[2]

---

[1] Plaintiffs Kaidi and Kemigisa are citizens of Illinois because they were domiciled in Illinois at all relevant times. As a limited partnership, Best Buy is a citizen of every state of which any partner is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). It has two partners: BBC Property Company, a Minnesota corporation, and BBC Investment Company, a Nevada corporation. Both have their primary place of business in Minnesota. Thus, Best Buy is a citizen of Nevada and Minnesota.

[2] In the proposed amended complaint, the plaintiffs assert class claims and aver federal jurisdiction under the Class Action Fairness Act (CAFA). However, the proposed amended complaint has no bearing on this Court's jurisdiction over the removed action. *See Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (motion to amend cannot provide a basis for federal jurisdiction); *Mahon v. Cyganiak Plan.*, Inc., 41 F. Supp. 2d 910, 913 (E.D. Wis. 1999) ("If this court did not have jurisdiction over the action at the time of removal, then the [] motion for leave to amend is not properly before this court.").

Best Buy's misstep does not merit remand, however, because the Court finds that Kaidi and Kemigisa both met the requirement at the time of removal. Kaidi sought to recover for violations of the IHRA, which permits courts to award damages for "emotional harm and mental suffering." *ISS Int'l Serv. Sys., Inc. v. Ill. Hum. Rts. Comm'n*, 272 Ill. App. 3d 969, 979 (1995). Those damages could reasonably exceed $75,000. *See Hobby Lobby Stores, Inc. v. Sommerville*, 2021 IL App (2d) 190362, ¶ 52 (collecting cases).

Although Kemigsa's contract claim would certainly not satisfy the requirement on its own, she also stood to recover actual and punitive damages for her ICFA claim. Illinois courts generally discourage awarding punitive damages "exceeding a single-digit ratio in comparison to actual damages." *Kirkpatrick v. Strosberg*, 385 Ill. App. 3d 119, 136 (2008). Here, Kemigisa purchased the television for roughly $600 dollars, so it is difficult to imagine actual damages exceeding $1,000 or punitive damages exceeding $10,000. Nevertheless, courts consider what a plaintiff stands to recover, not what recovery is likely to be. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). Furthermore, the ICFA permits recovery of attorney's fees, which may be considered when calculating the amount in controversy. *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 857 (7th Cir. 2018).

So long as the stakes of a plaintiff's case could plausibly exceed $75,000, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). Here, the Court cannot conclude that it would be legally impossible for either plaintiff to recover $75,000 on the basis of their claims in the state court complaint. Moreover, the plaintiffs have not contested federal jurisdiction on any basis, including by disputing the amount in controversy. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (failure to challenge amount in controversy makes it plausible more than

$75,000 was at stake); *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000) (where a plaintiff does not stipulate that he seeks less than $75,000, "the inference arises that he thinks his claim may be worth more"). As such, the Court concludes that it may exercise jurisdiction over the removed action.

## II.      Motion To Amend

After Best Buy removed to federal court and answered the complaint, plaintiffs moved to amend. In the putative amended complaint, they purport to represent a nationwide class of customers who have bought and been unable to return faulty Open Box items. On behalf of the putative class, they assert claims for breach of contract (Count I), breach of implied warranties of merchantability and fitness for a particular purpose (Counts II and III), and violations of the ICFA (Count IV). The proposed amended complaint drops Kaidi's IHRA claim.[3]

Federal Rule of Civil Procedure 15 instructs courts to "freely give leave [to amend] when justice so requires." Best Buy has not presented any compelling reason to deny the plaintiffs' motion under that standard, instead attacking the substance of the putative complaint under Federal Rules of Civil Procedure 12(b)(6) and 23(b)(3). The Court therefore grants the motion to amend and treats the proposed amended complaint as the operative complaint in the following discussion.

---

[3] Kaidi asks this Court to dismiss the claim without prejudice. The Court declines that request. Kaidi filed his administrative charge with IDHR on July 23, 2023, more than 90 days after the statutory deadline to do so. See 775 ILCS 5/7A-102(A)(1) (charge must be filed within 300 days of discriminatory conduct). IDHR dismissed the charge, citing a "lack of jurisdiction." *See* Status Report, ECF No. 68. Kaidi did not seek administrative review and does not represent that a right-to-sue letter has been issued to him. *Id.* This Court cannot consider the claim without a right-to-sue letter. Because no additional fact allegations can remedy these deficiencies, the Court dismisses the claim with prejudice.

### III. Motion to Dismiss

At the pleading stage, a plaintiff need only provide a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and point to "sufficient factual matter" to state a facially plausible basis for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court should not accept a complaint's legal conclusions as true, it must assume the truth of all well-pled allegations and draw all reasonable inferences in the plaintiff's favor. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

When ruling on a motion to dismiss, a court may consider the complaint, as well as (1) documents attached to the complaint, (2) documents central to the complaint and referred to in it, and (3) information that is properly subject to judicial notice. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). In this case, both parties have submitted various exhibits for the Court's consideration. The plaintiffs attach a number of documents to their complaint, including proof of purchase, photographs of the television, and a PDF of relevant Best Buy policies. The Court may consider all of this information. Best Buy attaches its own slew of exhibits to its motion to dismiss, including video footage of the attempted return, video footage of a Best Buy agent inspecting the television at Kemigisa's home, and that agent's subsequent written report. Best Buy posits that this evidence contradicts the factual allegations in the complaint. However, those videos and documents do not fall into any of the three categories outlined above.[4] The Court therefore disregards them in evaluating Best Buy's substantive arguments for dismissal.

---

[4] Best Buy repeatedly asserts that the evidence "may be considered on a motion to dismiss and 'controls' over Plaintiffs' allegations about it," citing *Bogie v. Rosenberg*, 705 F.3d 609 (7th Cir. 2013). *See, e.g.*, Mot. to Dismiss 5 n.2, ECF No. 39. In *Bogie*, the Seventh Circuit indeed explained that "[w]hen an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls." 705 F.3rd at 609. But the exhibit at issue in that case was a video that the plaintiff attached *to her own complaint*. Nothing in *Bogie* suggests that a defendant may secure a Rule 12(b)(6) dismissal by submitting its own extrinsic evidence to contradict a plaintiff's factual allegations.

6

### A. Kaidi's Claims

Without his IHRA claim, *see supra* note 1, Kaidi has no legitimate cause of action against Best Buy. It is undisputed that Kemigisa, not Kaidi, purchased the television. As Kaidi concedes, that fact precludes him from stating a breach of contract claim. But it also precludes him from recovering under any implied warranty or ICFA theory. To have standing to bring an implied warranty claim, Kaidi would need to demonstrate that he was in privity with Best Buy. *Rothe v. Maloney Cadillac, Inc.*, 119 Ill. 2d 288, 292 (1988). *See also Sneed v. Ferrero U.S.A., Inc.*, 656 F. Supp. 3d 777, 785 (N.D. Ill. 2023) ("When it comes to purely economic loss, implied warranties . . . give a buyer of goods a potential cause of action only against his immediate seller.") (citation omitted). Kaidi argues that, as a member of Kemigisa's household, he may recover as a third-party beneficiary under 810 ILCS 5/2-318. That provision does extend warranties to "any natural person who is in the family or household of his buyer." However, it only applies to personal injury claims. *See Berry v. G. D. Searle & Co.*, 56 Ill. 2d 548, 558 (1974) (recognizing exception to privity requirement in such cases). Because no such claim has been asserted here, 810 ILCS 5/2-318 is inapposite.

Kaidi has no cause of action under the ICFA either, as he cannot demonstrate actual pecuniary loss—an element of any claim under the statute. *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010). Actual pecuniary loss occurs where "the seller's deception deprives the plaintiff of the benefit of [his] bargain by causing [him] to pay more than the actual value of the property." *Id.* Kaidi did not enter into any bargain with respect to the television because he did not purchase it. He is therefore categorically unable state a claim under the ICFA.

Plaintiffs are ordinarily entitled to at least one chance to amend their complaints after a dismissal, unless amendment would be futile. *Zimmerman v. Bornick*, 25 F.4th 491, 493-94 (7th

Cir. 2022). In this case, Kaidi cannot cure the aforementioned deficiencies with new fact allegations. As such, his claims are dismissed with prejudice.

## B. Kemigisa's Claims

The Court now considers Best Buy's arguments with respect to Kemigisa's claims. To start, Best Buy admits that Kemigisa has stated a valid breach of contract claim based on the television allegedly not being in working order when sold. However, it argues that she is foreclosed from pursuing that claim or any other based on the packaging or the return policy, pointing out that the Open Box policy promises the original packaging ***or a suitable replacement*** and that the return policy requires products to be in ***like-new*** condition. Because, it argues, neither policy was violated, this Court should dismiss Kemigisa's claims to the extent they rely on those arguments. That request is premature and easily denied. At this stage, the Court will not conclude that the plastic bag in which the television arrived was a "suitable replacement." Nor will it conclude that Best Buy complied with its return policy; whether or not it did so is a key factual dispute in this case. Kemigisa is free to pursue her claims on the basis of either policy.

Next, Best Buy takes aim at Kemigisa's ICFA claim as an impermissible repackaging of her contract claims.[5] It also argues that she has failed to meet the pleading standards of Rule 9(b). The Court addresses these arguments in turn.

To state a claim under the ICFA, a plaintiff must allege "(1) that the defendant engaged in a deceptive or unfair practice; (2) with the intent that the plaintiff (or others) rely on the deception;

---

[5] At times, Best Buy seems to conflate Kemigisa's ICFA claim with a claim for common law fraud. Those are separate causes of action with distinct elements. Most notably, "'intent to deceive' is not a required element [of an ICFA claim] . . . . It is enough to allege that the defendant committed a deceptive or unfair act and intended that the plaintiff rely on that act." *Wigod v. Wells Fargo Bank*, *N.A.*, 673 F.3d 547, 574-75 (7th Cir. 2012). Kemigisa only purports to bring an ICFA claim, not a common law fraud claim.

(3) that the act occurred in the course of trade or commerce; and (4) that the deception caused actual damages." *Kahn v. Walmart Inc.*, 107 F.4th 585, 598 (7th Cir. 2024). The ICFA is "a regulatory and remedial statute intended to protect consumers . . . against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Id.* at 597 (citation omitted). It is not a vehicle for garden variety contract claims: "[a] breach of contractual promise, without more, is not actionable under [the Act]." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 169 (2005). A valid ICFA claim must include allegations "that the defendant engaged in deceptive acts or practices distinct from any underlying breach of contract." *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011).

Best Buy argues that Kemigisa's ICFA claim consists of nothing more than breaches of two contractual promises: (1) the promise that her television would be in "Excellent" condition, and (2) the promise that Best Buy would accept her return so long as certain conditions were met. On this point, the Court disagrees. As discussed below, the contours of the alleged scheme are indeed unclear. But Kemigisa ***does*** allege fraudulent conduct beyond a mere breach of contract. At a high level, she claims that Best Buy offloads defective products through its Open Box program, intentionally misrepresenting their condition to buyers and then refusing to accept their return when the defects are discovered. According to Kemigisa, Best Buy perpetuates its scheme through misleading representations on its website, on social media, and in other advertisements. Those allegations are distinct from her breach of contract claim and could give rise to a cause of action under the ICFA if supported by sufficient factual allegations. *See, e.g.*, *Stern v. Great W. Bank*, 959 F. Supp. 478, 486 (N.D. Ill. 1997) ("The Consumer Fraud Act has been properly applied in cases where a defendant made affirmative misrepresentations to the plaintiffs.") (collecting cases); *Petri v. Gatlin*, 997 F. Supp. 956, 968 (N.D. Ill. 1997) (claim that defendants "lured

consumers into signing [] contracts by disseminating promotional brochures containing misrepresentations of material facts" held actionable under the ICFA).

The problem with Kemigisa's claim is that it fails to meet the applicable pleading standards. A claim for deceptive practices under the ICFA must be alleged with particularity pursuant to Federal Rule of Civil Procedure 9(b). *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014). The rule requires the plaintiff to "describe[e] the who, what, when, where, and how" of the fraud. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Although courts should be "sensitive to information asymmetries that may prevent a plaintiff from offering more detail[,] grounds for the plaintiff's suspicions must make the allegations *plausible*." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 443 (7th Cir. 2011) (emphasis in original).

In this case, Kemigisa asks this Court to infer a nationwide policy solely from the facts of her individual purchase and attempted return. In other areas of the law, courts routinely decline to infer the existence of policies or practices from a single incident. *See, e.g.*, *Tellis v. U.S. Fid. & Guar. Co.*, 826 F.2d 477, 478 (7th Cir. 1986) (RICO claims); *Wilson v. Cook Cnty.,* 742 F.3d 775, 780 (7th Cir. 2014) (*Monell* claims). That commonsense principle applies here. To be sure, Rule 9(b) does not require individual consumers to plead facts solely within a defendant's possession. *Corley v. Rosewood Care Ctr.*, 142 F.3d 1041, 1051 (7th Cir. 1998). Thus, contrary to Best Buy's suggestion, Kemigisa need not identify the individual corporate officers responsible for orchestrating the scheme. She must, however, offer more facts that support the existence of a scheme in the first place.

Additionally, and even more foundationally, Kemigisa fails to define the nature of the scheme at issue. On one hand, she asserts that Best Buy maintains a nationwide practice of

10

"dup[ing] victims into buying inferior and unsuitable goods and then refus[ing] return." *See* First Amended Compl. ¶ 59, ECF No. 32-1. *See also id.* ¶¶ 116-17 (Best Buy intended for the plaintiffs to rely on "misrepresentations as to the quality, fitness, and/or merchantability of [] 'Open Box' items" and "illusory promises on its Return and Exchange Promises"). But she also alleges that Best Buy employees refused her return because of racial animus—not because of any overarching policy to defraud customers. She even claims that they lied to Best Buy's own attorney by fabricating the existence of a crack in the television to "cover their misconduct." *Id.* ¶ 47. That would suggest that their conduct ***violated*** Best Buy's policies and practices—not that it comported with them. Perhaps Kemigisa's theory of fraud is confined to the specific Best Buy store that refused her return, and perhaps the scheme particularly targets racial minorities. That might explain the relevance of Kaidi's race and why the store's employees lied to Best Buy's attorney. But it doesn't square with Kemigisa's allegations of a nation-wide, institutional policy. And it muddles basic elements of the fraud, from the "who" to the "what" to the "how."

To be clear, a plaintiff "is always permitted to allege alternative, and sometimes even conflicting, theories of recovery." *Lindgren v. Moore*, 907 F. Supp. 1183, 1190 (N.D. Ill. 1995). (citing Fed. R. Civ. P. 8(a)). However, a plaintiff can plead herself out of court by alleging facts that are inconsistent with a theory of recovery she asserts. *Lekas v. Briley*, 405 F.3d 602, 613 (7th Cir. 2005). The issue here is not that multiple theories of recovery conflict with one another, but that the ICFA theory itself is ill-defined and contradicted by Kemigisa's factual allegations. Because her claim falls short of Rule 9(b)'s particularity requirements, it is dismissed.

\* \* \*

11

For the aforementioned reasons, Best Buy's motion to dismiss is denied insofar as it seeks to bar Kemigisa from pursuing any theory of recovery on the basis of the television's packaging or Best Buy's return policy. It is granted, with prejudice, as to Kaidi's claims. It is also granted, without prejudice, as to Kemigisa's ICFA claim. Kemigisa is granted leave to amend, consistent with this opinion, by June 30, 2026. Leave to amend having been granted, Best Buy's motion to strike class allegations is denied without prejudice.

Date: June 9, 2026

John J. Tharp, Jr.
United States District Judge